UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICARDO GONZALEZ,                                Docket No.: 23-cv-1227

                Plaintiff,

     -against-                                   **COMPLAINT**

UNBOX CORPORATION and SUBHI KHALIL,

                                                 **JURY TRIAL DEMANDED**

                Defendants.
-------------------------------------------------------------------X

      Plaintiff Ricardo Gonzalez ("Plaintiff"), by and through his attorneys, The Dweck Law Firm, LLP, complains of Defendants Unbox Corporation and Subhi Khalil (collectively "Defendants"), and respectfully alleges to this Court as follows:

## NATURE OF THE ACTION

      1.     Plaintiff brings this action against his former employer, Defendants Unbox Corporation and Subhi Khalil, asserting claims for unpaid wages, liquidated damages, reasonable attorneys' fees, and costs arising out of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York State Labor Law ("NYLL") §§ 195(1), 195(3), 191(a). Plaintiff also asserts claims for unlawful discrimination on the basis of disability in violation of the New York State Human Rights Law, § 296, *et. seq.* ("NYSHRL") and the New York City Administrative Code, § 8-801, *et seq.* ("NYCADC").

## JURISDICTION AND VENUE

      2.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343(4), and supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391(b)(2) because the Eastern District of New York is the judicial district in which the unlawful employment practices are alleged to have been committed.

## PARTIES

4. Plaintiff Ricardo Gonzalez is a citizen of the State of New York and resident of Bronx County.

5. At all times hereinafter mentioned, Plaintiff was an "employee" entitled to protection with the meaning of the FLSA, NYLL, NYSHRL, and NYCADC.

6. At all times hereinafter mentioned, Plaintiff was an "employee" engaged in interstate commerce and entitled to individual coverage under the FLSA based on the work that Plaintiff performed each workweek, including, but not limited to, receiving and handling goods from outside the state and thereafter participating in the subsequent distribution of such goods destined for another state.

7. Plaintiff is also a person with a disability within the meaning of Article 8-102(16) of the NYCADC and Section 292(21) of the NYSHRL.

8. Upon information and belief, Defendant Unbox Corporation ("Unbox NYC") is now, and at all times material to this action was, a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business located at 712 Third Avenue, Brooklyn, New York 11232.

9. Upon information and belief, Unbox NYC is now, and at all times material to this action was, engaged in interstate commerce as a bulk purchaser of discount merchandise, including, but not limited to electronics, home goods, clothing, furniture and

toys, which Unbox NYC thereafter sells as a retailer to consumers at the Unbox NYC warehouse, 712, Third Avenue, Brooklyn, New York 11232 (the "Warehouse").

10. Upon information and belief, Unbox NYC is now, and at all times material to this action was, engaged in interstate commerce by entering into bulk sales of merchandise with commercial customers who then resell the merchandise in foreign states and countries.

11. Upon information and belief, Defendant Subhi Khalil ("S. Khalil") is now, and at all times material to this actions was, the founder, owner, and manager of Unbox NYC and maintains operational control of the day-to-day activities of Unbox NYC, including, but not limited to, personally setting hours and rates of pay, implementing wage and hour practices and policies, hiring and firing employees, and otherwise managing, directing, and controlling the day-to-day operations of Unbox NYC.

12. Upon information and belief, and at all times material to this action, Defendant S. Khalil managed, controlled, and personally participated in the employment practices complained of herein.

13. Upon information and belief, and at all times material to this action, Unbox NYC was and continues to be an "Employer" within the meaning of the FLSA, NYLL, NYSHRL, and NYCADC.

14. Upon information and belief, and at all times material to this action, S. Khalil was and continues to be an "Employer" within the meaning of the FLSA, NYLL, NYSHRL, and NYCADC.

15. Upon information and belief, and at all times material to this action, Unbox NYC is an "Employer" that constitutes a covered enterprise within the meaning of the

FLSA and is engaged in interstate commerce by buying, handling, and selling goods that have been moved in such commerce and has annual gross volume of sales and/or business done exceeding $500,000.

16. Upon information and belief, and at all times material to this action, S. Khalil is an "Employer" that constitutes a covered enterprise within the meaning of the FLSA and is engaged in interstate commerce by buying, handling, and selling goods that have been moved in such commerce and has annual gross volume of sales and/or business done exceeding $500,000.

17. Upon information and belief, Plaintiff has been present at work when Defendants' sales at the Brooklyn Warehouse have exceeded $100,000 in a single day.

## FACTS COMMON TO ALL CLAIMS

18. On or around September 22, 2022, Plaintiff was hired by S. Khalil as a full-time employee to receive and unload shipments of merchandise that arrived at the Brooklyn Warehouse by truck from New Jersey. Typical merchandise deliveries arrived at the Brooklyn Warehouse aboard eighteen-wheel trucks, each containing approximately twenty-five pallets of merchandise measuring four feet by six feet.

19. At all times material to this action, Plaintiff's job responsibilities as a manual worker included operating a fork-lift to unload the wood-pallets from delivery trucks, transporting the pallets into the Warehouse, and unpacking the pallets and organizing the merchandise for resale at the Warehouse, or to be repackaged and sold in bulk to third-parties.

20. Plaintiff's job responsibilities also included unlocking and opening the Warehouse, moving merchandise around the Warehouse using hand operated pallet jacks,

cleaning and organizing the merchandise on sale in the Warehouse, discarding merchandise, and whatever else was asked of him by S. Khalil.

21. At the start of his employment on or around September 22, 2022, Plaintiff worked approximately 60 hours per week at Defendants' Warehouse. The number of days that Plaintiff worked at the Warehouse changed during the course of his employment, but the number of hours that Plaintiff worked each week remained approximately 60 hours.

22. At the start of his employment, S. Khalil agreed to pay Plaintiff $600 in cash each week as wages. The amount of Plaintiff's weekly cash pay remained $600 regardless of the actual hours that Plaintiff worked each week, including hours in excess of the forty-hour workweek for which Plaintiff was entitled to overtime compensation.

23. On or around October 15, 2022, S. Khalil agreed to increase Plaintiff's weekly pay to $700, which he continued to pay Plaintiff in cash. S. Kahlil instructed Plaintiff not to tell any of the other Unbox NYC employees at the Warehouse about Plaintiff's wage increase.

24. The $700 weekly wages amounted to a flat fee with no correlation to the actual hours Plaintiff worked during a given workweek. Despite routinely working well over 40 hours each workweek, Defendants never paid Plaintiff overtime pay at a rate of not less than one and one-half of Plaintiff's regular rate of pay.

25. All compensation to Plaintiff was paid by Defendants in cash, without any withholdings, paystubs or any other documentation accompanying Plaintiff's weekly pay. At times, Plaintiff was paid beyond the legal pay date in amounts less than the wages earned by Plaintiff during the applicable pay period, and at other times S. Khalil paid Plaintiff's wages using funds taken directly out of Unbox NYC's cash registers.

26. Despite Plaintiff satisfying all of the requirements of his job, as evidenced by the increase in Plaintiff's wages, Defendants maintained a hostile work environment at Warehouse permeated with discriminatory and offensive comments that altered the conditions of Plaintiff's work environment.

27. S. Khalil engaged in a pervasive pattern and practice of harassing and bullying Plaintiff and other employees, including, but not limited to, calling Plaintiff fat on multiple occasions and telling Plaintiff that he needed to lose weight, making sexual, offensive and off-color remarks intended to humiliate and belittle Plaintiff, and outwardly expressing prejudice for certain sexual orientations.

28. On or around November 18, 2022, Plaintiff was at work moving pallets in the Warehouse. The pallets were extremely heavy and in the course of trying to move one pallet with the pallet jack in an area of the Warehouse where the floor was being replaced and was slippery, Plaintiff's feet came out from underneath him and he fell violently to the ground, sustaining personal injuries to his neck, back and other body parts.

29. Plaintiff returned to work the following day, November 19, 2022, and advised S. Khalil of his fall and injuries sustained at work during the prior shift and indicated that he was in significant pain. S. Khalil responded that everyone falls and attempted to minimize Plaintiff's complaints and the impact the injury and pain was having on Plaintiff's ability to work.

30. After completing his shift on November 19, 2022, Plaintiff was in extreme pain and went to the Emergency Department of St. Barnabas Hospital in Bronx, New York to have his personal injuries sustained at work the prior day evaluated.

31. Upon information and belief, Plaintiff was advised by the hospital staff at St. Barnabas that the fall had strained and injured the muscles in Plaintiff's neck and caused other injuries to Plaintiff's back. The hospital staff at St. Barnabas informed Plaintiff that he needed time off from work to recover from his personal injuries.

32. The Plaintiff's neck and back injuries sustained on November 18, 2022 are medically diagnosable impairments, recorded in Plaintiff's medical records, and regarded by others as impairments, and constitute a disability as defined by, and within the meaning of, the NYCADC and NYSHRL.

33. Plaintiff contacted S. Khalil on November 19, 2022 and informed him of the medical diagnosis that he had been given at St. Barnabas. Plaintiff requested confirmation from S. Khalil that he would still have his job at Unbox NYC when he was physically able to return to work.

34. Plaintiff returned to work on or around Tuesday, November 29, 2022, and worked five consecutive days through Saturday, December 3, 2022, for a total of 60-hours. Plaintiff continued experience significant pain from the injuries sustained at the Warehouse on November 18, 2022, but was able to complete the 12-hour shifts and perform the functions of his job using a back brace.

35. On or around Sunday, December 4, 2022, Plaintiff contacted S. Khalil to confirm the time that he was supposed to report to the Warehouse for his next scheduled shift on Tuesday, December 6, 2022. S. Khalil responded by telling Plaintiff to report to work the following day, December 5, 2022, or his employment would be terminated.

36. Plaintiff informed S. Khalil that he had worked five consecutive days, completed his typical 60-hour workweek, and needed two days off for recovery time for

his personal injuries before he would be physically capable of returning to work and performing the essential functions of his job, as was recommended by Plaintiff's treating medical providers at St. Barnabas Hospital.

37. Despite Plaintiff advising his boss of his temporary physical disability and requesting a reasonable accommodation of two days off and/or short-term leave to enable Plaintiff to receive medical treatment and continue to recover from his on-the-job injuries, S. Khalil denied Plaintiff any accommodation, including a reasonable time for recovery, and instead maintained that Plaintiff either worked on December 5, 2022 or his employment was terminated.

38. Plaintiff was physically unable to meet S. Khalil's demands by reporting to work on December 5, 2022 and performing the functions of his job due to his temporary disability and was terminated.

39. Upon information and belief, S. Khalil was aware of Plaintiff's temporary physical disability sustained during the course of Plaintiff's employment, and was aware that Plaintiff requested a reasonable accommodation for his temporary physical disability, which would have enabled Plaintiff to continue to perform the essential functions of his job, as he had at all times during his employment.

40. Instead of engaging in an interactive process, S. Khalil terminated Plaintiff's employment without cause and without providing Plaintiff with the option, opportunity, or notice of his entitlement to apply for New York State worker's compensation benefits or Family Medical Leave.

41. S. Khalil terminated Plaintiff's employment in violation of New York City's Paid Safe and Sick Leave Law, which entitled Plaintiff to paid sick leave for the care and treatment of his temporary physical disability.

42. Further, S. Khalil terminated Plaintiff's employment without providing Plaintiff with written notice stating the effective date of termination as required by Section 195(6) of the NYLL, and without providing Plaintiff notice of his right to file an application for unemployment benefits as required by 12 N.Y.C.R.R. § 472.8.

43. Upon information and belief, Plaintiff's disability and request for an accommodation was a substantial motivating factor in Defendants' decision to terminate Plaintiff's employment.

44. Upon information and belief and at all times during Plaintiff's employment, Defendants have never offered or maintained health insurance or worker's compensation insurance.

45. Upon information and belief, and at all times material to this action, Plaintiff was a non-exempt employee entitled to overtime compensation.

46. Upon information and belief, and at all times material to this action, Plaintiff was entitled to be compensated for all hours worked exceeding forty hours per workweek.

47. Upon information and belief, and at all times material to this action, Defendants failed to pay Plaintiff for all wages earned and for overtime in violation of the FLSA and the NYLL.

48. At all relevant times, Defendants failed to provide Plaintiff with accurate wage statements as required by the NYLL § 195(3).

49. At all relevant times, Defendants failed to make timely payments to Plaintiff in violation of NYLL § 191(d).

50. Defendants' failure to pay Plaintiff's wages was willful and was done knowing the same was in violation of the law.

## COUNT I
### (Failure to Pay Wages – FLSA)

51. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "50" inclusive with the same force and effect as if fully set forth at length herein.

52. Defendants failed to pay Plaintiff for all of the hours he worked in violation of the FLSA.

53. Plaintiff did not receive his wages on the prescribed paydays.

54. Because Defendants willfully and knowingly failed to pay wages for all hours that Plaintiff worked on the regular payment date, Plaintiff is entitled to liquidated damages.

55. Defendants had no good-faith basis for believing that their pay practices as alleged above were in compliance with the law.

56. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

57. As a result of the violations by Defendants of the FLSA, Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorneys' fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

## COUNT II
### (Willful Failure to Pay Wages – NYLL)

58. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "57" inclusive with the same force and effect as if fully set forth at length herein.

59. Defendants have failed to pay Plaintiff wages he earned in the course of his employment by Defendants in violation of Sections 191 and 193 of the NYLL.

60. Defendants had no good-faith basis for believing that their pay practices as alleged above were in compliance with the law.

61. The foregoing conduct constitutes a "willful" violation of the NYLL.

62. As a result of the violations by Defendants of the NYLL, Plaintiff is entitled to all damages available under the NYLL which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorneys' fees pursuant to Section 198 of the NYLL, costs, and interest.

## COUNT III
### (Failure to Provide Accurate Wage Statements – NYLL § 195(3))

63. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "62" inclusive with the same force and effect as if fully set forth at length herein.

64. Defendants we are obligated to provide Plaintiff with an accurate statement with every payment of wages listing, *inter alia*, the following: the dates of work covered by that payment of wages, name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if

any, claimed as part of the minimum wage, and net wages. Additionally, for all employees who are not exempt from overtime compensation as established in the pertinent minimum wage orders or otherwise provided by New York State law or regulation, the wage statements are required to include the regular hourly rate or rates of pay, the overtime rates of pay, the number of regular hours worked, and the number of overtime hours worked.

65. Defendants failed to provide Plaintiff with any wage statements.

66. As a result of the foregoing, Plaintiff is entitled to $5,000, together with costs and reasonable attorneys' fees.

## COUNT IV
### (Failure to Provide Proper Hiring Notice – NYLL § 195(1))

67. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "66" inclusive with the same force and effect as if fully set forth at length herein.

68. Pursuant to NYLL 195(1), Defendants were obligated to provide Plaintiff at the time of his hiring with a notice containing, *inter alia*, the following information: the employee's rate of pay, allowances to be taken, the regular payday, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different, and the telephone number of the employer.

69. Defendants failed to provide Plaintiff with such notice.

70. As a result of the foregoing, Plaintiff is entitled to $2,500, together with costs and reasonable attorneys' fees.

## COUNT V
### (Failure to Timely Pay– NYLL § 191(a))

71. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "70" inclusive with the same force and effect as if fully set forth at length herein.

72. Section 191 of the NYLL mandates that employers must pay "manual workers" on a weekly basis within seven calendar days of the week during which the wages are earned.

73. Defendants regularly paid Plaintiff his wages late beyond the legal pay date set forth in NYLL § 191.

74. As a result of the foregoing, Plaintiff is entitled to mandatory liquidated damages in the amount of the late payments as well as pre-judgment interest, together with reasonable attorneys' fees and costs.

## COUNT VI
### (Unlawful Discrimination on the Basis of Disability - NYSHRL)

75. Plaintiff repeats and realleges each and every allegation contained in paragraphs of this Complaint numbered "1" through "74" inclusive with the same force and effect as if fully set forth at length herein.

76. Defendants unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of Plaintiff's physical disability. By reason thereof, Defendants violated the New York State Executive Law § 290, et seq.

77. As a direct and proximate result of the unlawful and discriminatory practices of Defendants, Plaintiff was humiliated and embarrassed within and outside the

workplace, all of which was brought about by Defendants' systemic discriminatory practices and acts.

78. As direct and proximate result of the unlawful and discriminatory practices of Defendants, Plaintiff has sustained significant economic damages.

## COUNT VII
### (Unlawful Discrimination on the Basis of Disability - NYCADC)

79. Plaintiff repeats and realleges each and every allegation contained in paragraphs of this Complaint numbered "1" through "78" inclusive with the same force and effect as if fully set forth at length herein.

80. Defendants unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of Plaintiff's physical disability. By reason thereof, Defendants violated the Administrative Code of the City of New York, § 8-801, et seq.

81. As a direct and proximate result of the unlawful and discriminatory practices of Defendants, Plaintiff was humiliated and embarrassed within and outside the workplace, all of which was brought about by Defendants' systemic discriminatory practices and acts.

82. As direct and proximate result of the unlawful and discriminatory practices of Defendants, Plaintiff has sustained significant economic damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)  On Count I, an award for all damages allowable under the FLSA;

(b) On Count II, an award for damages in an amount to be determined at the trial of this action, including, but not limited to, unpaid wages, liquidated damages, prejudgment interest, attorneys' fees and costs;

(c) On Count III, an award of $5,000 plus costs and attorneys' fees;

(d) On Count IV, an award of $2,500 plus costs and attorneys' fees;

(e) On Count V, an award for liquidated damages in the amount of the late payments plus prejudgment interest, plus costs and attorneys' fees;

(f) On Count VI, an award for compensatory damages for all amounts recoverable under the NYSHRL;

(g) On Count VII, an award for compensatory damages for all amounts recoverable under the NYCADC; and

(h) Such other and further relief as this Court may deem just and proper.

THE DWECK LAW FIRM, LLP
*Attorneys for Plaintiff Ricardo Gonzalez*

By: Christopher S. Fraser (CF-7590)
1 Rockefeller Plaza, Suite 1712
New York, New York 10020
(212) 687-8200
cfraser@dwecklaw.com