THE DWECK LAW FIRM, LLP

1 ROCKEFELLER PLAZA

NEW YORK, N.Y. 10020

JACK S. DWECK*
H.P. SEAN DWECK**

CHRISTOPHER S. FRASER***

ERIC J. SCHMERTZ
  1925-2010

\* ADMITTED TO N.Y. CONN. AND FLA. BARS
\*\* ADMITTED TO N.Y. AND PA. BARS
\*\*\* ADMITTED TO N.Y. AND N.J. BARS

TELEPHONE: (212) 687-8200
FACSIMILE: (212) 697-2521

WWW.DWECKLAW.COM

WESTCHESTER OFFICE
901 NORTH BROADWAY
NORTH WHITE PLAINS, N.Y. 10603

NOT FOR SERVICE OF PAPERS

CONNECTICUT OFFICE
GRAVEL ISLAND ROAD
NEW CANAAN, CT 06840

(203) 972-3000

NOT FOR SERVICE OF PAPERS

May 30, 2024

**VIA ECF**

Hon. Lois Bloom, U.S. Magistrate Judge
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

    RE:  *Ricardo Gonzalez v. Unbox Corporation and Subhi Khalil*
           Case No. 23-cv-01227 (KAM)(LB)

Dear Judge Bloom:

    I represent Plaintiff Ricardo Gonzalez in the above-referenced action and respectfully submit this renewed letter motion for judicial approval to settle Plaintiff's federal and state wage and hour claims pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Defendants Unbox Corporation and Subhi Khalil (collectively "Defendants") join in support of the instant motion. Plaintiff's prior *Cheeks* motion was denied without prejudice by Order entered on May 23, 2024 (ECF Doc. 20), which directs the parties to refile the motion, together with an amended settlement agreement, by May 30, 2024.

    It is respectfully submitted that the amended Settlement Agreement (the "Amended Agreement") annexed hereto as **Exhibit 1**,[1] resolves the two issues addressed in the Order and achieves the purposes of the Fair Labor Standards Act ("FLSA"). The amendments are fair and reasonable and warrant Your Honor approving the proposed settlement and the parties' stipulated dismissal of Plaintiff's claims under FLSA and the New York Labor Law pursuant to Fed. R. Civ.

---

[1] The Amended Agreement has been reviewed and agreed to by all parties and counsel. Defendant Subhi Khalil signed the Amended Agreement individually but inadvertently forgot to also sign on behalf of Defendant Unbox Corporation. The omission has been cured and Mr. Khalil has now signed the Amended Agreement on behalf of both Defendants but was unable to get his signature on behalf of Unbox Corporation notarized prior to today's filing deadline. I have been advised by counsel for Defendants that Mr. Khalil is attempting to furnish his attorney with the missing notarization by the close of business today. However, the parties are mindful of the today's filing deadline and respectfully request the opportunity to supplement the motion with the Amended Agreement containing the missing notarization as the Court may direct.

P. 41(a)(1)(A)(ii) and *Cheeks*, 796 F.3d 199.

Amendments to Paragraph 2 – Release of Claims by Plaintiff

The parties have modified Paragraph 2 of the initial proposed Settlement Agreement by removing the sentence indicating the Court may modify or strike any terms necessary to approve settlement. A legal blackline comparison of the proposed Amended Agreement and the initial proposed Settlement Agreement showing the revisions made by the parties is annexed hereto as **Exhibit 2**. The Amended Agreement no longer provides for judicial modification and is fully consistent with the three enumerated options that a district court has when deciding a *Cheeks* motion: (i) accepting the proposed settlement; (ii) rejecting the proposed settlement and delaying "proceedings to see if a different settlement can be achieved;" or (iii) ordering the parties to proceed with litigation. *Fisher v. SD Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020).

Amendments to Paragraph 5 – Non-Disparagement and Confidentiality

The confidentiality required by Paragraph 5 of the initial proposed Settlement Agreement has been removed in its entirety from Paragraph 5 of the Amended Agreement. Confidentiality is no longer a condition of the proposed settlement. Additionally, the reciprocal non-disparagement required by Paragraph 5 has been modified to prevent the clause from functioning as a *de facto* confidentiality clause. The amended Paragraph 5 now includes a detailed "carve-out" for truthful statements about Plaintiff's experience litigating this action and is narrowly tailored to ensure that it is consistent with the intent of the Fair Labor Standards Act. *Panganiban v. Medex Diagnostic and Treatment Center, LLC*, 15-cv-2588 (AMD)(LB), 2016 WL 927183, *2 (E.D.N.Y. March 7, 2016).

For the foregoing reasons, the parties respectfully request that the Court approve the proposed Amended Agreement as fair and reasonable and "so order" the proposed Stipulation of Dismissal with Prejudice that is annexed to the Amended Agreement as Exhibit A, together with such other and further relief as this Court deems just and proper.

Respectfully submitted,

THE DWECK LAW FIRM, LLP

By: /s/ Christopher S. Fraser, Esq. (CF-7590)
*Attorneys for Plaintiff Ricardo Gonzalez*
1 Rockefeller Plaza, Suite 1712
New York, NY 10020
cfraser@dwecklaw.com
(212) 687-8200

cc: Faris S. Hamtini, Esq. (via ECF)